IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CARL G. NETTLES | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv186 |
| WARDEN, FCI BEAUMONT CAMP | § | |

<u>REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Carl G. Nettles, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Petitioner asserts he has been wrongfully denied credit towards his sentence for time spent in state custody prior to his federal sentencing. The respondent has filed a motion for summary judgment (doc. no. 5) asserting petitioner failed to exhaust his administrative remedies.

<u>The Motion for Summary Judgment</u>

In support of the motion for summary judgment, the respondent has submitted a declaration from John P. Rosa, the executive assistant at the Federal Correctional Complex in Beaumont, Texas. Mr. Rosa that as the executive assistant, he is also the coordinator of the administrative remedy program. Mr. Rosa states, in part, as follows:

> The BOP's Administrative Remedy Program is an internal formal grievance procedure by which inmates may complain about various aspects of their confinement. Prior to beginning the formal appeal process, inmates shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve (BP-8) the issue before an inmate submits a Request for Administrative Remedy pursuant to 28 C.F.R. § 542.13(a). The initial step of the formal Administrative Remedy process is for the inmate to submit a written Administrative Remedy Request form (BP-9) to the Warden's Office within 20 calendar days following the date on which the basis for the Request occurred. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he or she may submit an Appeal on the appropriate form (BP-10) to the Regional Director within 20 calendar days of the

date the Warden singed the response. *See* 28 C.F.R. § 542.15(a). Appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal form (BP-11) is the final step in the administrative appeal process and must occur within 30 days of the date the Regional Director signed the response. *Id*. Inmates who demonstrate a valid reason for delay may have the time limits extended. *Id*. Appeals must specifically state the reason for the appeal. 28 C.F.R. § 542.15(b)(1).

I have reviewed inmate Nettles administrative remedy filings and located administrative remedies regarding requests related to sentence computation.

On August 26, 2021, the Warden's Office at the Federal Correctional Institution Low located at FCC Beaumont, received BP-9 1092380-F1 from inmate Nettles requesting that he receive credit for time spent incarcerated from July 2017 to October 2018. On September 1, 2021, the Warden's Office closed inmate Nettles' BP-9 by denying the request.

On September 17, 2021, the South Central Regional Office ("SCR") received BP-10 1092380-R1 from inmate Nettles. Inmate Nettles requested he receive credit for time spent incarcerated from July 17 2017 to October 2018. On November 4, 2021, SCR denied inmate Nettles' request.

Inmate Nettles has failed to exhaust administrative remedy 1092380. Inmate Nettles failed to complete the administrative process by filing a BP-11. Inmate Nettles failure to follow the administrative process to its conclusion causes his attempts at exhaustion to fail.

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 425 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston*

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010. These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

*Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable [finder of fact] could return a verdict for that party. *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

A district court has the authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

The declaration from Mr. Rosa constitutes competent summary judgment evidence demonstrating that petitioner did not complete the administrative remedy process with respect to the claim asserted in his petition. Further, in the petition reference is made to petitioner filing a BP-8, BP-9 and BP-10. However, he makes no reference to filing a BP-11. As a result, it must be concluded there is no genuine dispute of material fact as to whether petitioner completed the administrative remedy process. The respondent is therefore entitled to judgment as a matter of law.

## Recommendation

The respondent's motion for summary judgment should be granted and this petition for writ of habeas corpus dismissed pursuant to Federal Rule of Civil Procedure 56.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 12th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge